UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY A. HOLLOWAY,

    Plaintiff,

v.

Case No. 23-10367
Hon. Jonathan J.C. Grey

TTEC@Home LLC,
et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 29)

### I.  INTRODUCTION

This matter is before the Court on defendants' partial motion to dismiss plaintiff's amended complaint. (ECF No. 29.) This case requires the Court to determine whether a plaintiff, who alleges that she filed an American with Disabilities Act claim, 42 U.S.C. § 12101 et seq. ("ADA") within 90 days of receiving a "Notice of Right to Sue" letter ("Right to Sue letter") from the Equal Employment Opportunity Commission ("EEOC"), has filed a timely complaint. This case also requires the Court to determine whether a plaintiff, who does not allege discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

seq. ("Title VII") in her complaint, can maintain a Title VII claim. Since Plaintiff Sherry A. Holloway alleges that she timely filed her ADA claim but fails to plead a violation of Title VII, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion to dismiss. (ECF No. 29.)

## II. BACKGROUND

On February 10, 2023, Holloway filed suit against Defendants TTEC@Home LLC and TTEC Healthcare Services, alleging violations of the ADA, Title VII, and the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"). (ECF No. 1.) In her complaint, Holloway alleged that she received a Right to Sue letter from the EEOC on November 10, 2022. (*Id.* at PageID.7.) On April 24, 2023, defendants moved to dismiss Holloway's ADA and Title VII claims.[1] (ECF No. 17.) Defendants argued that Holloway: (1) filed her complaint more than 90 days after receiving a Right to Sue letter from the EEOC, and (2) failed to allege facts establishing a prima facie case of discrimination under Title VII. (*Id.* at PageID.64–67.) In response, Holloway claimed that she received the Right to Sue letter on November 13, 2022. (ECF No. 22, PageID.91.)

---

[1] The motion to dismiss was a motion for partial dismissal, as defendants did not seek to dismiss Holloway's FMLA claim.

Unable to discern when Holloway received the Right to Sue letter from the EEOC, the Court ordered Holloway to file a new amended complaint that "clearly and consistently" stated the date on which she received the Right to Sue letter. (ECF No. 27, PageID.248–249.)

Holloway's amended complaint alleges that she received a Right to Sue letter on November 13, 2022. (ECF No. 28, PageID.259.) The letter attached to the complaint indicates that the EEOC issued it on November 10, 2022. (*Id.* at PageID.274.) Defendants again move to dismiss Holloway's ADA and Title VII claims, arguing that Holloway: (1) filed an ADA claim more than 90 days after she received a Right to Sue letter, (2) failed to assert a prima facie case of Title VII discrimination, and (3) did not exhaust her administrative remedies with respect to her Title VII claim. (ECF No. 29, PageID.327–334.) In her response briefs, Holloway only argues that she filed her ADA claim within 90 days of receiving the Right to Sue letter. (ECF No. 31, PageID.469; ECF No. 36, PageID.533.)

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. Accepting all factual allegations as true, the Court will review the complaint in the

3

light most favorable to the plaintiff. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Iqbal*, 556 U.S. at 678. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted); *Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021). The Court will

4

typically only rely on the facts stated in the complaint. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."). The Court can consider exhibits attached to the complaint or to the defendants' motion as long as the exhibits are referred to in the complaint and are central to the claims. *Id.* at 680–681.

## IV. ANALYSIS

### A. Title VII

Defendants argue that the Court should dismiss Holloway's Title VII claim because she fails to allege discrimination on the basis of race, color, gender, religion, or national origin. (ECF No. 29, PageID.332–333.) The Court agrees.

Title VII prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin. *Levine v. DeJoy*, 64 F.4th 789, 797 (6th Cir. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). Holloway does not allege that defendants discriminated against her on any of these bases. Instead, Holloway alleges that she believes her employer discriminated and retaliated against her based on her disability. (ECF No. 28,

5

PageID.256, 258.) However, Title VII does not protect against disability-based discrimination. *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006). Holloway alleges that she complained to her employer about discrimination, but she does not say whether she complained about discrimination on the basis of race, color, religion, sex, or national origin. (*Id.* at PageID.258.)

Holloway's only description of discrimination under Title VII is as follows: "Title VII of the Civil Rights Act of 1964 (the 'Act') prohibits an employer from Retaliation [*sic*] against an employee who has made a charge, testified, assisted, or participated in any Charge [*sic*] of unlawful discrimination under the Act. I reported fraud to the Ethics and Compliance Department." (*Id.* at PageID.257.) While retaliation is actionable under Title VII, the statute's "antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)).

Here, Holloway does not allege that she opposed a practice that Title VII forbids or made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing. Reporting fraud does not suffice to support a Title VII claim. Therefore, the Court **DISMISSES** Holloway's Title VII claim for failing to allege a violation of Title VII by defendants.

## B. ADA

Defendants argue that the Court should dismiss Holloway's ADA claim because she filed it more than 90 days after receiving a Right to Sue letter from the EEOC. (ECF No. 29, PageID.327–332.) The Court disagrees. A plaintiff who seeks to bring claims under the ADA must file their suit within ninety days after receipt of their Right to Sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 322 (6th Cir. 2012) (Clay, J., concurring) (citation omitted) ("The ADA explicitly cross-references and adopts Title VII's enforcement section, including 'powers, remedies and procedures.'").

The 90-day statutory period is strictly enforced by federal courts, irrespective of whether the plaintiff is represented or proceeding pro se. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d

7

552, 557 (6th Cir. 2000); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). "[T]he time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency." *Paniconi v. Abington Hospital-Jefferson Health*, 604 F. Supp. 3d 290, 291 (E.D. Pa. 2022) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)).

District courts around the country as well as the Seventh and Eighth Circuit have held that, in the electronic context, the 90-day clock begins to run when the plaintiff receives the email notifying them of their right to sue. *See, e.g., Lax v. Mayorkas*, 20 F.4th 1178, 1181–1182 (7th Cir. 2021) ("We hold that Lax's filing window . . . commenced when he received the email."); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) ("In our view, McDonald received notice of her right to sue on May 10 when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal."); *Cerroni v. Smith's Food & Drug Ctrs.*,

8

*Inc.*, No. 23-cv-00005, 2023 WL 3467466, at *1 (D. Utah May 15, 2023) ("Thus, the time for Mr. Cerroni to file suit against SFDC began running . . . when the notice of availability of the NRTS on the EEOC Public Portal was electronically sent to Mr. Cerroni's counsel."); *Walker-Bey v. Gabrowski*, No. 22-361, 2022 WL 16700446, at *2 (D.S.C. July 5, 2022) (quoting *Wolfe v. WPS Health Sols., Inc.*, No. 20-CV-175, 2021 WL 1992027, at *3 (E.D. Va. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1991259, at *1 (E.D. Va. May 18, 2021)) ("With respect to emails, courts within the Fourth Circuit have found that delivery of a notice of right to sue via email also triggers the 90-day filing period."), *report and recommendation adopted*, No. 22-cv-00361, 2022 WL 16510008, at *4 (D.S.C. Oct. 28, 2022); *McNaney v. Sampson & Morris Grp., Inc.*, No. 21-cv-1809, 2022 WL 1017388, at *4 (W.D. Pa. April 5, 2022) ("Plaintiff's attorney received notice of the EEOC's determination of her claim, and her right to file suit, on August 20, 2021. Counsel's failure to open the link and actually read the document does not toll the commencement of the period. . . .").

Here, Holloway consistently claims that she received the Right to Sue letter on November 13, 2022. (ECF No. 28, PageID.259; ECF No. 31,

9

PageID.469; ECF No. 36, PageID.533.) At this stage, the Court must accept that factual allegation as true. *Keys*, 684 F.3d at 608. Thus, Holloway had until February 11, 2023 to file her complaint, and she filed her complaint on February 10, 2023. (ECF No. 1.) Holloway filed her complaint within the 90-day window, so her ADA claim is timely.

Defendants argue that Holloway received the Right to Sue letter on November 10, 2022 because that is the date that the EEOC uploaded the letter to an online portal and emailed Holloway that the letter was available for view. (ECF No. 29, PageID.328–332.) The Court disagrees because nothing indicates that, on November 10, 2022, Holloway actually received an email notifying her that her Right to Sue letter was available.

Defendants' motion and Holloway's response briefs both reference and reproduce an activity log that indicates the date and time of actions by various users in the EEOC online portal. (ECF No. 29-3, PageID.368–395; ECF No. 31, PageID.470–474; ECF No. 36, PageID.538–544.) According to the activity log: (1) the EEOC released the Right to Sue letter on November 10, 2022, (2) the EEOC emailed Holloway and an employee of defendants, informing them that a new document was available for download on the portal, (3) defendants' employee

10

downloaded the document on November 10, 2022, and (4) Holloway downloaded the document on November 13, 2022. (ECF No. 29-3, PageID.373.) However, the activity log does not confirm that Holloway received an email from the EEOC on November 10, 2022. While discovery may reveal that Holloway received an email on November 10, 2022 from the EEOC notifying her of her right to sue, at this stage, the Court accepts as true that Holloway did not receive the email until November 13, 2022. Therefore, Holloway's ADA claim is timely.

## V. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** defendants' partial motion to dismiss. The Court **DISMISSES** Holloway's Title VII claim. The Court declines to dismiss Holloway's ADA claim.

**SO ORDERED**.

Dated: March 27, 2025

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge


## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2025.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager